IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

SCOTT LAMB and DIANNA LAMB, dba    )
LEMOLO LAKE RESORT,                )
                                   )
              Plaintiffs,          )       Civil No. 10-3066-HO
                                   )
         v.                        )       ORDER
                                   )
THE UNITED STATES OF AMERICA,      )
                                   )
              Defendant.           )
_____   )

Plaintiffs bring this action for negligence against the United States pursuant to the Federal Tort Claims Act.[1]

Plaintiffs operate Lemolo Lake Resort[2] in an impoundment on the North Umpqua River in the Diamond Lake Ranger District, under a special use permit from the United States Forest Service.

---

[1]Plaintiff also sought damages against the State of Oregon, but the State successfully obtained dismissal based on Eleventh Amendment immunity.

[2]The Lake is beautiful and could reliably be described as pristine.

Plaintiffs allege that in an effort to rid Diamond Lake of an invasive species of fish known as tui chub, the Forest Service drew down the lake and treated it with rotenone.  As a result of certain failures to institute mitigating measures such as traps, plaintiffs allege that the Forest Service caused the presence of tui chub to increase into the millions in Lemolo Lake.

As a result of the increased presence of tui chub, plaintiffs allege that Lemolo Lake has experienced blue-green algae blooms necessitating lake closings for weeks at a time.  In addition, public advisories regarding contact with the water and fish from the lake have been issued.  Plaintiffs allege that the water quality advisories and lake closures have resulted in a dramatic loss of income and profits.  Plaintiffs further allege a loss of good reputation and good will in the community resulting in further reduction in business income.  Plaintiffs allege that the business losses are continuing.

The United States moves to dismiss contending plaintiffs fail to state a claim and that the court lacks subject matter jurisdiction.

In assessing the United States' liability under the Federal Tort Claims Act, courts apply the law of the state in which the alleged tort occurred.  Trenouth v. United States, 764 F.2d 1305, 1307 (9th Cir. 1985).  Accordingly, plaintiffs must have a cognizable claim for negligence under Oregon law to survive a

2 - ORDER

motion to dismiss.   Therefore, the complaint must allege facts sufficient to allow a factfinder to determine:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was the cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.[3]

Graham v. Multnomah County, 158 Or.App. 106, 109-10 (1999).

> "[O]ne ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property." Hale v. Groce, 304 Or. 281, 284, 744 P.2d 1289 (1987). Instead, the plaintiff is required to allege "[s]ome source of a duty outside the common law of negligence." Id. Put another way, liability for purely economic harm "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159, 843 P.2d 890 (1992

Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP, 336 Or. 329, 341 (2004).

In addition, the Federal Tort Claims Act limits the jurisdiction of this court to claims for money damages against the United States for injury or loss of property.  State of Idaho ex

---

[3]Whether a particular cause of action constitutes a claim that is excluded from the Federal Tort Claims Act is a question of federal law.  Laird v. Nelms, 406 U.S. 797 (1972).  The inquiry is jurisdictional.  In this case, there is overlap between state and federal law about what constitutes a claim, given the general bar to recovery for purely economic loss under Oregon law for negligence. The issue is whether plaintiffs can allege an injury to a recognized property right.

rel. Trombley v. U.S. Dept. of Army, Corps of Engineers, 666 F.2d 444, 446 (9th Cir. 1982).

The United States contends that plaintiffs cannot allege any physical damage to property, but only purely economic loss. Further, defendants contend there is no special relationship in this case and that the court lacks jurisdiction because the alleged injury does not involve injury to or loss of property.

In essence, plaintiff must have a property interest in Lemolo Lake itself to survive the motion to dismiss as there can be no allegation of physical damage to the property improvements on the land at the resort. Plaintiffs argue that the right in the special use permit creates a property right under Oregon law.

However, there has been no harm to the lease and the only property damage alleged is damage to the lake itself. Plaintiff's damage is confined to purely economic losses as alleged in the complaint. The lease does not create a property right in the waters. The United States Forest Service does not administer any water rights at Lemolo Lake. The special use permit held by plaintiffs specifically states that the lands and waters covered by the permit shall be open to the public and that it does not convey any interest in real property. Moreover, the authorization "does not confer any water rights on the holder" of the permit.

Plaintiffs are not listed under state applications, permits or certificates authorizing the use of water from Lemolo Lake.[4]

Plaintiffs have no property interest in Lemolo Lake and therefore cannot assert a claim for property damage to the lake itself.  It is clear that plaintiff can only allege a claim for purely economic damage resulting from the alleged damage to the lake.  A claim for such damages is not permitted under the Federal Tort Claims Act and thus, this court lacks jurisdiction over the negligence claim asserted by plaintiffs.


<u>CONCLUSION</u>

For the reasons stated above, The United States' motion to dismiss (#15) is granted and this action is dismissed.


DATED this 13th day of December, 2010.

 s/ Michael R. Hogan
United States District Judge

---

[4]It should be noted that plaintiffs pay taxes only on the improvements on the land leased and not for the value of the land itself.